IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ____ENTERED
____LODGED ____RECEIVED

JUL 22 2011

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

**REACHING HEARTS**
**INTERNATIONAL, INC.,**

    Plaintiff,

v.

**PRINCE GEORGE'S COUNTY, et al.,**

    Defendants.

Case No.: RWT 05cv1688

Case No.: RWT 11cv1959

## MEMORANDUM OPINION

On June 21, 2005, Plaintiff Reaching Hearts International, Inc. ("RHI") filed a Complaint for Declaratory Judgment, Injunctive Relief, and Compensatory Damages in this Court. ECF No. 1. RHI alleged that Prince George's County and the County Council of Prince George's County (collectively "the County") had violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000(c)(c) by denying RHI's two water and sewer service category change applications and also by enacting an ordinance, CB-28-2003, which reduced the permitted lot coverage of any non-residential building within 2,500 feet of a drinking water reservoir, thereby preventing RHI from building a church on land it had purchased in Prince George's County. *Id.* RHI's applications were vigorously opposed by the West Laurel Community Association which had had a bad experience with another church, Bethany Christian Church, that had been built nearby. Their concerns were taken up by Thomas Dernoga, the then-council member serving the district in which the church would be constructed.

After denial of the County's Motion to Dismiss, the case proceeded through discovery. On October 12, 2006, the County filed a Motion for Summary Judgment in which it argued that

it was entitled to judgment as a matter of law on RHI's claims because RHI's water-sewer category change applications were denied to serve alleged "environmental" interests, not due to any discriminatory motive. ECF No. 35. The County advanced three interests in support of its denial of RHI's sewer and water category change applications: (1) the proposed church building was adjacent to the Rocky Gorge Reservoir; (2) the proposed church building was out of character with surrounding large lot (residential) development; and (3) impervious surfaces at the building site allegedly could have a negative impact on the water quality of the adjacent reservoir. ECF No. 35-2 at 37. The County similarly argued that Ordinance CB-83-2003 was enacted because of "environmental" concerns, and not because of religious discrimination. *Id.* at 38.

On April 30, 2007, the Court held a hearing on the County's Motion for Summary Judgment and on May 1, 2007 denied that motion. ECF Nos. 41, 42. The Court determined that there were genuine disputes of material fact regarding whether the County's actions in denying RHI's sewer-water change applications and enacting Ordinance CB-83-2003 were motivated in part by religious discrimination.

A jury trial began on April 15, 2008. At the seven-day trial, the County sought to adduce evidence that its actions were motivated by "environmental" concerns, not by religious discrimination. However, the County did not produce any credible data, studies, or reports showing that RHI's construction of a church on its Prince George's County property would have a negative impact on Rocky Gorge Reservoir. *See* ECF No. 118 at 32. The County further sought to adduce evidence at trial that CB-83-2003 was enacted to comply with the Clean Water Act by reducing the permissible lot coverage and increasing green area within 2,500 feet of drinking water reservoirs, such as the Rocky Gorge Reservoir. *Id.* at 33. However, the County's

own expert witness, Dr. Shoemaker, testified that she had no knowledge of RHI's plans to build a church and conceded that even if RHI was prevented from building due to environmental concerns, RHI's site was part of the larger collective site such that environmental impact should be focused on the aggregate collective. *Id.* The County failed to adduce evidence supporting the necessity of the 2,500 foot limit. *Id.* at 33-34.

On April 24, 2008, the jury concluded that the County's actions were motivated in part on the basis of religious discrimination. ECF No. 97. The jury further concluded that the County's actions imposed a substantial burden on RHI's exercise of its religion. *Id.* A conditional award of damages of $3,714,822.36 was also made.

In light of the jury's verdict, the Court directed the parties to submit post-trial memoranda addressing whether the County was entitled to judgment as a matter of law. ECF No. 98. In its Renewed Motion for Judgment as a Matter of Law, the County again argued that three compelling interests allegedly supported its denial of RHI's water-sewer category change applications and enactment of CB-28-2003: "1) the [church building] project was adjacent to a [Washington Suburban Sanitary Commission] reservoir 2) the project was out of character with the surrounding large lot (residential) development; and 3) impervious surfaces on the 6100 Brooklyn Bridge property could have a negative impact on the water quality of the adjacent reservoir (potential rain run-off in the reservoir)." ECF No. 102-2 at 28. The County argued that denying RHI's applications and enacting CB-28-2003 were the least restrictive means of furthering these compelling interests. *Id.* at 23-29.

On November 4, 2008, the Court issued an extensive Memorandum Opinion and Order denying the County's Renewed Motion for Judgment as a Matter of Law and entering judgment in favor of RHI and against the County on the jury's conditional verdict in the amount of

$3,714,822.36. ECF Nos. 118, 119. The Court also declared CB-83-2003 unconstitutional as applied to RHI, enjoined the County from applying the provisions of CB-83-2003 to RHI's Prince George's County property, and ordered the County to "process any water and sewer category change application thereafter filed by the Plaintiff without reference to the provisions of CB-83-2003 and without delay or religious discrimination." ECF No. 119.

In its Memorandum Opinion, this Court explicitly rejected the County's argument that it had adduced evidence that it had a compelling environmental interest in denying RHI's water-sewer change applications or enacting CB-83-2003. ECF No. 118 at 31-36. The Court noted that RHI had failed to adduce any evidence whatsoever at trial in support of its claim that the building of a church on RHI's property would threaten the Rocky Gorge Reservoir. *Id.* at 33-34. Moreover, the Court held that even if the County had adduced evidence that it had a compelling interest in protecting the reservoir, it had not shown that denying RHI's water-sewer change applications and enacting CB-83-2003 were the least restrictive means of advancing that interest. *Id.* at 34-37.

On November 10, 2008, Defendants noted an appeal to the Court of Appeals for the Fourth Circuit. ECF No. 120. The Fourth Circuit affirmed the judgment of this Court on March 3, 2010, and denied the County's subsequent motions for rehearing and rehearing *en banc*. ECF Nos. 137, 143.

On July 18, 2011, RHI filed a Motion for Order of Contempt against Prince George's County. ECF No. 165. In support of its motion, RHI stated that it had, on August 13, 2010, filed an application for a water and sewer service category change with the Prince George's County's Department of Environmental Resources. *Id.* at 2. Just as was the case with RHI's prior applications, the application was reviewed and recommended for approval by the Department of

4

Environmental Resources, the Washington Suburban Sanitary Commission and the Maryland-National Capital Park and Planning Commission, and was then forwarded to the County Executive, who also recommended granting the application and changing the water-sewer category on RHI's property from 5 to 4. *Id.* at 3. RHI's application became designated as CR-21-2011, a resolution requested by the County Executive and introduced by the chair of the Council, to advance RHI's water-sewer category to 4. *Id.* at 4. The County Council held a public hearing on the resolution on March 15, 2011, at which time RHI and its representatives spoke in favor of the resolution and reminded the Council that it was subject to this Court's November 4, 2008 injunction. *Id.*

On June 23, 2011, the Transportation, Housing and Environment Committee of the County Council held a hearing on CR-21-2011, at which a representative of the Department of Environmental Resources testified that the application met the criteria for approval. *Id.* at 5. However, Council Member Mary Lehman, the successor to Thomas Dernoga, then read a memo setting forth her opposition to the resolution. *Id.* Lehman's memo, which RHI attached to its motion for a contempt order, **advanced the same environmental concerns rejected by the jury** that heard this case, and again **rejected by this Court** in its November 4, 2008 Memorandum Opinion. *See id.*, Ex. B. Specifically, Lehman's memo again claimed that RHI's application should be denied because it "threaten[ed] water quality and quantity" of the Rocky Gorge Reservoir. *Id.*, Ex. B. After reading her memo, Lehman made a motion to retain the property in water-sewer category 5, which motion was immediately seconded and approved by all four committee members. *Id.* at 5.

On July 12, 2011, the Prince George's County Council held a meeting at which it considered CR-21-2011. *Id.* At this meeting, Lehman moved to substitute Draft 2 for Draft 1 of

5

the resolution. *Id.* Draft 2 recommended retaining RHI's property in water-sewer category 5. *Id.* at 6. The Council unanimously voted in favor of the adopting the substituted draft of the resolution, thereby denying RHI's application for a water-sewer category change. *Id.*

On July 18, 2011, the same day RHI filed a Motion for Order of Contempt, RHI filed a second Complaint in this Court seeking declaratory and injunctive relief and damages based on the County's non-compliance with the Court's November 4, 2008 Order. Case No. 11-cv-1959-RWT, ECF No. 1. On July 20, 2011, RHI filed a supplement to its Motion for Order of Contempt which contained RHI's August 13, 2010 application and documents related to the County Council's rejection of that application. Case No. 05-cv-1688-RWT, ECF No. 166.

RHI's recent treatment by the County appears to be a case of "*déjà vu* all over again." After RHI prevailed on claims of religious discrimination in an eight-year legal battle, its request for a routine water-sewer category change has again been denied by the Prince George's County Council, ostensibly on the basis of the same alleged "environmental" reasons rejected by the jury and this Court. The Court thus concludes that a reasonable basis exists to believe that Prince George's County, the County Council and its members are violating and are in contempt of this Court's November 4, 2008 Order.

This Court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the [contemnor's] contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). An individual may be held in civil contempt if he or she had actual or constructive knowledge of a valid decree; the decree was in the movant's favor; the individual violated the terms of the decree and had at least constructive knowledge of such violations; and the movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). Thus, when any individual acts in defiance of a

valid court order of which he is aware, he may be found in civil contempt and ordered to compensate the injured party. *See Dole Fresh Fruit Co. v. United Banana Co., Inc.*, 821 F.2d 106, 109 (2d Cir. 1987) (individuals who were not parties to underlying action but who violated restraining order and subsequent injunction could be subjected to civil contempt sanctions).

In addition to compensating the party harmed by the contemnor's violation of a court order, the Court may order a contemnor to pay the party's reasonable attorney's fees if the contemnor's conduct rises to the level of "obstinance or recalcitrance." *Capital Source Finance, LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 687 (D. Md. 2007). Moreover, this Court has the power to impose coercive fines on individuals to compel their compliance with court orders. *See United States v. Darwin Construction Co., Inc.*, 679 F. Supp. 531, 533 n.2 (4th Cir. 1988).

Because of the gravity of this matter and the serious consequences that may flow from violations of orders of this Court, the United States' Marshall's Service will be directed to serve, forthwith, a copy of this Memorandum Opinion, the Show Cause Order being entered pursuant to it, and the Court's November 4, 2008 Memorandum Opinion and Order on each member of the Prince George's County Council other than Leslie Johnson (who has resigned effective July 31, 2011). Prince George's County, the County Council and its members will be directed to show cause why they should not be held in contempt and sanctioned for violating this Court's November 4, 2008 Order, and directed to file a memorandum in opposition to Plaintiff's request for the injunctive relief requested in its Complaint in Civil Case No. 11-cv-1959-RWT. A show cause hearing will be scheduled for September 1, 2011 at 9:00 a.m. Council Member Mary Lehman will be directed to attend the show cause hearing in person. Ms. Lehman will be directed to bring with her to this hearing the April 13, 2011 letter written by her to the Washington Suburban Sanitary Commission, and the response thereto. All members of the

County Council who wish to oppose the imposition of contempt sanctions will be given an opportunity to be heard at the September 1, 2011 hearing.

Pursuant to Federal Rule of Civil Procedure 65(a)(2), the court will also advance the trial on the merits of RHI's request for preliminary and injunctive relief, contained in the Complaint in Case No. 11-cv-1959, and will hold a trial on the merits of RHI's Complaint on September 1, 2011. If the Court grants RHI's request for preliminary and injunctive relief at that time, a hearing on damages will be scheduled for a later date.

A separate order follows.

July 22, 2011
Date

                            /s/
                  Roger W. Titus
                  United States District Judge